# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HAIN,

    Plaintiff,

vs.

BRIAN WILLIAMS, SR., et al.,

    Defendants.

Case No. 2:10-CV-00153-JCM-(LRL)

**ORDER**

    Presently before the court is defendants Brian Williams', Cheryl Burson's, Gregory Cox's, Cheryl Dressler's, and Robert Bannister's (hereinafter collectively "Defendants") motion for summary judgment (doc. #27). Plaintiff, Robert Hain, has not filed an opposition.

    Plaintiff filed the instant action alleging (1) deliberate indifference under the Eighth Amendment to the U.S. Constitution and (2) violation of civil rights under 42 U.S.C. § 1983. (Doc. #2). Plaintiff claims that defendants failed to provide him with adequate dental care and were deliberately indifferent to his serious dental need. (Doc. #19). Plaintiff requests declaratory, injunctive, compensatory, and punitive relief. (Doc. #2).

    Under Local Rule 7-2(b), points and authorities in response to a motion "shall be filed and served by an opposing party fifteen (15) days after service of the motion....The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

    Nevertheless, in adjudicating a motion for summary judgment, the court must still determine whether the moving party has demonstrated his entitlement to prevail as a matter of law. *See Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (noting that "[s]everal of [the Ninth Circuit's] prior

1  decisions have made clear that a nonmoving party's failure to comply with local rules does not excuse
2  the moving party's affirmative duty under [Fed. R. Civ. P.] 56 to demonstrate its entitlement to
3  judgment as a matter of law"). There is "no express or implied requirement in Rule 56 that the moving
4  party support its motion with affidavits or other similar materials negating the opponent's claim."
5  *Celotex Corp.*, 477 U.S. at 323.

6  Summary judgment is appropriate when, viewing the facts in the light most favorable to the
7  nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment
8  as a matter of law. *Bagdadi v. Nazar*, 84 F. 3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c). The
9  moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any
10 genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v.*
11 *Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence
12 on a motion for summary judgment).

13 **I.     Eighth Amendment**

14 Prisoners can establish an Eighth Amendment violation with respect to medical care if they can
15 prove there was "deliberate indifference" with respect to their "serious" medical needs. *Hunt v. Dental*
16 *Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). Moreover, prison officials show deliberate indifference to
17 serious medical needs if prisoners are unable to make their medical problems known to medical staff.
18 *See Hoptowit v. Ray*, 682 F.2d 1237, 153 (9th Cir. 1982). "Dental care is one of the most important
19 medical needs of inmates." *Id.* (*citing Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980), *cert. denied*,
20 450 U.S. 1041 (1987). The Eighth Amendment requires that prisoners be provided with a system of
21 ready access to adequate dental care. *Hoptowit*, 682 F.2d at 1253.

22 Here, there is no material issue of fact to suggest defendants (1) deprived the plaintiff of the
23 "minimal measure of life's necessities," and (2) "the prison official [defendants] 'acted with deliberate
24 indifference in doing so.'" *Toguchi v. Chung*, 391 F. 3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v.*
25 *Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

26 Furthermore, there is no material evidence to suggest that defendants knew of and disregarded
27 an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "A
28 defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in

order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Even if the defendants should have been aware of a severe risk, but were not, there is no Eighth Amendment violation. *See Jeffers v. Gomez,* 267 F.3d 895, 913 - 14 (9th Cir. 2001) (holding that defendant prison officials were not liable under §1983 for shooting the plaintiff during a prison riot even though they heard rumors suggesting impending inmate violence).

"[A] difference of opinion" regarding treatment does not amount to a deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Allegations of deliberate indifference to serious dental needs are analyzed under the same standard. *See Hunt*, 865 F.2d at 200. Defendants have shown that the plaintiff was given medical care and that his medical needs were properly attended. Upon complaining of pain in his tooth, plaintiff was seen by the dentist and diagnosed with tooth decay. The dentist determined that further x-rays were necessary and that he would extract the tooth if required. Nonetheless, plaintiff demanded the tooth be filled immediately despite the lack of equipment necessary to perform the operation. (Doc. #27). The court finds that this dispute constitutes a disagreement between petitioner and his dentist regarding the proper course of treatment, and defendants' motion for summary judgment is granted as to this claim for relief.

**II.      42 U.S.C. § 1983**

Defendants also argue they cannot be held liable under 42 U.S.C. § 1983 because they did not personally participate in the alleged conduct violating the Eighth Amendment by failing to provide adequate dental care. Supervisors may be liable under §1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). Therefore, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, as noted above, there was no constitutional wrongdoing. Plaintiff has raised no genuine issue of material fact to suggest defendants were personally involved in the alleged Eighth Amendment violation, nor was there a sufficient causal connection between the alleged wrongdoing and

constitutional violation. The dentist's decision not to fill plaintiff's wisdom tooth is insufficient to establish personal participation for the defendants under §1983 because it caused plaintiff no substantial harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that a delay in providing a prisoner with dental treatment does not constitute an Eighth Amendment violation absent a showing of substantial harm); *Larson v. Meek*, 240 F. App'x. 777, 780 (10th Cir. 2007) (holding that denial of grievances alone is insufficient to establish personal participation in the alleged constitutional violations). Thus, defendants' motion for summary judgment is granted as to this claim for relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (doc. #27) is GRANTED as to defendants Brian Williams, Cheryl Burson, Gregory Cox, Cheryl Dressler, and Robert Bannister.

DATED June 10, 2011.

_____
UNITED STATES DISTRICT JUDGE